**Douglas L. TAYLOR, et al.
Claimants–Below,
Appellants,**

v.

**UNEMPLOYMENT INSURANCE
APPEAL BOARD; Appellee,**

and

**Johnson Controls, Inc.
Employer–Below,
Appellee.**

Superior Court of Delaware,
New Castle County.

Argued: June 21, 1989.
Decided: June 27, 1989.

Harvey Bernard Rubenstein, Wilmington, for appellants.

Kevin R. Slattery, Dept. of Justice, for Unemployment Ins. Appeal Bd.

BALICK, Judge.

The issue in this case is whether a group of employees who were laid off as of Monday, May 9, 1988 are ineligible for unemployment compensation for that week because they were paid a cost of living allowance on Friday, May 13, 1988.

■ The claimants' union had elected to receive their cost of living allowances in quarterly payments. Such payments are wages. 19 *Del.C.* § 3302(17). The payment of May 13 was for the quarter ending May 1.

The following statutory provisions apply:

"Unemployment" exists and an individual is "unemployed" in any week during which he performs no services and with respect to which no wages are payable to him....

19 *Del.C.* § 3302(16).

Each eligible individual who is unemployed in any week shall be paid with respect to such week a sum equal to his weekly benefit amount less that part of the wages (if any) payable to him with respect to such week which exceeds whichever is the greater of $10 or 30% of his weekly benefit amount. Such sum, if not an even dollar, shall be rounded down to the next whole dollar. Wages do not have to be paid to be considered payable.

19 *Del.C.* § 3313(f).

■ The Appeal Board ruled that the claimants are ineligible because the cost of living allowance was "payable," as that term is used in the provisions just quoted, on May 13. Even if we assume that the allowance was payable on May 13, the ruling is inconsistent with the statute. The statute provides for a deduction of "that part of the wages (if any) payable to him with respect to such week...." The cost of living allowance was not payable to the claimants *with respect to* the week they were laid off but with respect to the quarter ending May 1.

Moreover, the Appeal Board used the wrong definition of "payable." Since the term is not defined in the chapter on unemployment compensation, the Appeal Board looked to the following provision in the chapter on wage payment and collection:

Whenever an employee quits, resigns, is discharged, suspended or laid off, the wages earned by the employee shall become due and payable by the employer on the next regularly scheduled payday(s) either through the usual pay channels or by mail, if requested by the employee, as if the employment had not been suspended or terminated.

19 *Del.C.* § 1103(a).

The Appeal Board reasoned as follows: since wages earned during the pay period running from Sunday, May 1 to Saturday, May 7 would become due and payable on the next regularly scheduled payday, Friday, May 13, it follows that the cost of living allowance for the quarter ending May 1 was also payable on May 13.

The chapter on wage payment and collection provides when wages are "due and payable." Assuming without deciding that the cost of living allowance was "due and payable" on May 13, it does not follow that "payable" means the same thing in the chapter on unemployment compensation. The two chapters deal with different subjects and the term is used in different contexts.

■ This court has ruled that wages are deemed payable for the purpose of determining eligibility for unemployment compensation when they are earned and not when they are due. *Rick L. McAllister v. Unemployment Insurance Appeal Board of the Dept. of Labor of the State*

*of Delaware and Metal Masters, Inc.,* Del. Super., No. 87A–JL–4, 1988 WL 22320, Bush, Judge (March 4, 1988). Thus, the court held that a bonus to which a discharged employee was entitled was payable as of the date of discharge for the purpose of determining eligibility for unemployment compensation and not as of the next payday when the bonus was due and payable under the chapter on wage payment and collection. In sum, "payable" means "due" in the chapter on wage collection and payment, and it means "earned" in the chapter on unemployment compensation. Even if the claimants' cost of living allowance was due during the week beginning May 9, it was not earned during that week.

The chapter on unemployment compensation provides "for the compulsory setting aside of an unemployment reserve to be used for the benefit of persons unemployed through no fault of their own." 19 *Del.C.* § 3301. The claimants were unemployed during the week beginning May 9. They performed no services and no wages were payable to them with respect to that week. They are therefore eligible for unemployment compensation.

For these reasons, it is ORDERED that the decision of the Unemployment Insurance Appeal Board is REVERSED.